IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KARL DEMMLER, | : | |
| Plaintiff, | : | Case No. 2:05-cv-322 |
| v. | : | Judge Holschuh |
| BANK ONE NA, et al., | : | Magistrate Judge Kemp |
| Defendants. | : | |
| | : | |

**MEMORANDUM OPINION & ORDER**

Following foreclosure proceedings on his real property, *pro se* Plaintiff Karl Demmler filed suit against Bank One, its board members, its attorney, and against Judge W. Duncan Whitney, who presided over the foreclosure proceedings in the Delaware County Court of Common Pleas. This matter is currently before the Court on two pending motions: (1) Judge Whitney's motion to dismiss (Record at 6); and (2) Judge Whitney's motion for a protective order (Record at 11).[1]  For the reasons set forth below, the Court grants the motion to dismiss, and denies the motion for a protective order as moot.

**I.      Background and Procedural History**

On December 1, 1998, Plaintiff borrowed $350,000 from National Bank One. He executed a promissory note secured by a mortgage on his real property in Powell, Ohio. National Bank One NA subsequently assigned the note and the mortgage to Defendant Bank One. (Compl. ¶ 37). After Plaintiff defaulted on the loan in March of 2003, Bank One instituted

---

[1] The Court realizes that there are several other motions still pending. The Court plans to defer ruling on those motions until Defendant Bank One's supplemental motion to dismiss, which was recently filed on February 2, 2006, is fully briefed.

foreclosure proceedings in the Delaware County Court of Common Pleas, <u>Bank One v. Demmler</u>, Case No. 04CVE09633. (<u>Id.</u> at ¶¶ 119-120, 123). Judge W. Duncan Whitney presided over those proceedings.

On April 5, 2005, Plaintiff filed a complaint in district court alleging twenty-one causes of action, all stemming from that foreclosure action. Named defendants include Bank One, six members of its Board of Directors, its attorney, and Judge Whitney. In the first nineteen counts of the complaint, Plaintiff alleges violations of the National Bank Act and various federal consumer protection statutes, and brings numerous state law claims related to the promissory note. Count 20, which is divided into twenty-four sub-parts, alleges violations of the Racketeer Influenced and Corrupt Organizations ("RICO") statute, 18 U.S.C. §§ 1961-1968. Count 21 seeks attorney fees and costs.

Judge Whitney is named as a defendant only in connection with Count 20, the civil conspiracy claims. Plaintiff's complaint alleges that Judge Whitney prejudiced him by: (1) ruling that Bank One had the right to collect its debt; (2) ruling that the National Bank Act was not relevant to the foreclosure action; (3) ruling that the Uniform Commercial Code was not relevant to the foreclosure proceedings; (4) making biased rulings in favor of Bank One, and admitting that he had not read Plaintiff's motions and did not know that Bank One's first complaint against him had been dismissed; and (5) ruling that Plaintiff had no right to a jury trial in the foreclosure action. (Compl. ¶ 125). Plaintiff further alleges that Judge Whitney conspired with Bank One's attorneys to threaten and intimidate him in furtherance of an ongoing racketeering enterprise by delaying hearings and "granting unlawful motions to defendants." (<u>Id.</u> at ¶¶ 126, 174). Another sub-part of Count 20 alleges that defendants conspired against him in

2

violation of 18 U.S.C. § 241. (Id. at ¶ 130). He also seeks relief, pursuant to 42 U.S.C. §§ 1983 and 1985(3) for alleged violations of his due process rights under the Fourteenth Amendment to the United States Constitution. (Id. at ¶¶ 132).

Plaintiff seeks a variety of relief, including a judgment "voiding the written contract" between him and Bank One. He also seeks a variety of monetary damages. On the civil conspiracy claims set forth in Count 20, Plaintiff seeks threefold compensatory damages, punitive damages, attorney fees, and costs. (Id. at ¶ 176, subparagraphs 30-34).

## II. Motion to Dismiss

Judge Whitney has moved to dismiss all claims against him pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Rule 12(b)(1) allows a Court to dismiss an action for lack of subject matter jurisdiction. Rule 12(b)(6) allows a Court to dismiss an action for failure to state a claim upon which relief can be granted. Judge Whitney argues that the Rooker-Feldman doctrine deprives this Court of subject matter jurisdiction over Plaintiff's claims. Judge Whitney further argues that he is entitled to absolute judicial immunity, and that Plaintiff has failed to state a claim upon which relief may be granted in connection with his claims under 18 U.S.C. § 241, and 42 U.S.C. §§ 1983 and 1985(3).

### A. The Rooker-Feldman Doctrine Bars Plaintiff's Claims

Federal district courts are courts of limited jurisdiction. Defendant argues that, pursuant to the Rooker-Feldman doctrine, this Court has no jurisdiction to adjudicate Plaintiff's claims. As the Supreme Court recently explained in Exxon Mobil Corporation v. Saudi Basic Industries Corporation, 125 S.Ct. 1517 (2005), the Rooker-Feldman doctrine deprives federal district courts of subject matter jurisdiction over "cases brought by state-court losers complaining of injuries

caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." 125 S.Ct. 1521-22. The doctrine prohibits district courts from conducting what amounts to an appellate review of the state court judgment, and from adjudicating claims that are "inextricably intertwined" with the state court judgment. See Peterson Novelties, Inc. v. Berkley, 305 F.3d 386, 390 (6th Cir. 2002).

Plaintiff's claims fall squarely within this scope of prohibited jurisdiction. He alleges that he was prejudiced because Judge Whitney ruled, during the course of the foreclosure proceedings, that Bank One had the right to foreclose on the property in order to collect its debt, that the National Bank Act and Uniform Commercial Code were not applicable to the foreclosure action, and that Plaintiff had no right to a jury trial. To the extent Plaintiff challenges the propriety of these rulings, this Court clearly lacks jurisdiction to engage in any kind of appellate review; such challenges should instead be addressed to the state appellate courts.

Plaintiff further alleges that these unfavorable rulings were part of a conspiracy to threaten and intimidate him, and deprived him of his due process rights. These allegations, however, are inextricably intertwined with the validity of the state court judgment. This Court, therefore, lacks jurisdiction to adjudicate these claims. See, e.g., Hale v. Harney, 786 F.2d 688, 691 (5th Cir. 1986)(civil conspiracy claims against attorneys and judge involved in divorce proceeding were inextricably intertwined with divorce decree and therefore barred by Rooker-Feldman doctrine). For these reasons, the Court concludes that dismissal of all claims against Judge Whitney is proper pursuant to Federal Rule of Civil Procedure 12(b)(1).

### B. Judge Whitney is Immune from Suit

In the alternative, the Court finds that dismissal is warranted because Judge Whitney is entitled to immunity on all of Plaintiff's claims for monetary damages.[2] Judge Whitney was sued in both his official and his individual capacity. A suit brought against a government official in his or her official capacity is the equivalent of a suit brought against the governmental entity itself. In contrast, a suit brought against a governmental official in his or her individual capacity seeks to impose personal liability for the alleged wrongdoing. See Kentucky v. Graham, 473 U.S. 159, 165 (1985). The Court finds that Plaintiff's claims brought against Judge Whitney in his official capacity are barred by the Eleventh Amendment, and the claims brought against him in his individual capacity are barred by the doctrine of absolute judicial immunity.

### 1. Eleventh Amendment Immunity

Even though Defendant did not raise the Eleventh Amendment as a ground for dismissal, the Court may consider it sua sponte since it is a jurisdictional issue. See Mixon v. Ohio, 193 F.3d 389, 397 (6th Cir. 1999). The Eleventh Amendment to the United States Constitution states, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States. . ." As noted above, Plaintiff's claims brought against Judge Whitney in his official capacity are the equivalent of claims brought against the State of Ohio. Common pleas court judges are considered state actors for purposes of Eleventh Amendment immunity. See Mumford v. Basinski, 105 F.3d 264, 269 (6th Cir. 1997)("an Ohio common pleas court is not a segment of county government, but an arm

---

[2] Plaintiff does not seek injunctive relief against Judge Whitney.

of the state for purposes of . . . Eleventh Amendment immunity").

The Eleventh Amendment has been interpreted to bar all claims seeking money damages against a State unless the State waives its immunity and consents to be sued in federal court, or Congress validly abrogates the State's immunity. See Kimel v. Florida Bd. of Regents, 528 U.S. 62, 73 (2000). In this case, there is no evidence that either exception applies. See Gaines v. Texas Tech Univ., 965 F. Supp. 886, 889 (N.D. Tex. 1997)("Congress has not unequivocally expressed its intention to abrogate the states' sovereign immunity from claims brought pursuant to RICO"); Quern v. Jordan, 440 U.S. 332, 345 (1979)(Congress did not abrogate Eleventh Amendment immunity in enacting 42 U.S.C. § 1983). The Eleventh Amendment therefore prohibits this Court from exercising jurisdiction over Plaintiff's claims brought against Judge Whitney in his official capacity.

### 2. Absolute Judicial Immunity

Judge Whtiney also argues that dismissal under Rule 12(b)(6) is warranted because he is entitled to absolute judicial immunity, and Plaintiff has, therefore, failed to state a claim upon which relief can be granted.[3] The purpose of a motion to dismiss under Rule 12(b)(6) "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993). When considering Rule 12(b)(6) motion, the Court must construe the complaint in the light most

---

[3] Defendant also argues that Plaintiff has failed to state a claim upon which relief can be granted with respect to the alleged violation of 18 U.S.C. § 241, and the 42 U.S.C. §§ 1983 and 1985(3) claims. Because the Court is dismissing Plaintiff's claims on other grounds, the Court need not address these alternative arguments.

favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. See Arrow v. Federal Reserve Bank of St. Louis, 358 F.3d 392, 393 (6th Cir. 2004). When determining the sufficiency of a complaint in the face of a motion to dismiss, a court will apply the principle that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

The doctrine of absolute judicial immunity exists to enable judges to make controversial decisions and exercise their judicial independence without fear of the consequences. It provides immunity from suit, as well as immunity from personal liability in suits for money damages. See Mireles v. Waco, 502 U.S. 9, 9-10 (1991); Barnes v. Winchell, 105 F.3d 1111, 1115 (6th Cir. 1997). As the Supreme Court explained in Mireles, absolute judicial immunity can be overcome in only two situations: (1) when the actions taken are not judicial in nature; or (2) when the actions are taken in the complete absence of all jurisdiction. 502 U.S. at 11-12. See also DePiero v. City of Macedonia, 180 F.3d 770, 784 (6th Cir. 1999). If the challenged actions were judicial in nature, and were within the scope of the judge's subject matter jurisdiction, the judge is immune from liability, even if the actions taken were erroneous or motivated by ill will. Id. at 785 (citing Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)). See also Pierson v. Ray, 386 U.S. 547, 554 (1967).

There is no doubt that the actions taken by Judge Whitney were "judicial" in nature. Presiding over foreclosure proceedings is a function normally performed by a judge, and Plaintiff clearly dealt with Judge Whitney in the judge's judicial capacity. See Stump, 435 U.S. at 362 (setting forth the test for determining whether the action is "judicial"). Plaintiff

nevertheless argues that Judge Whitney is not immune from liability because "[t]here is no Statutory Jurisdiction granted to the Defendant Duncan Whitney under the National Bank Act." Plaintiff fails to explain this argument. He cites to no section of the National Bank Act that prohibits a court of common pleas from exercising jurisdiction over a foreclosure action, and identifies no section of the National Bank Act that grants exclusive subject matter jurisdiction over foreclosure actions to any other court.

Pursuant to Ohio Revised Code § 2305.01, "the court of common pleas has original jurisdiction in all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts . . ." This includes original jurisdiction over foreclosure actions. See Buckman v. Goldblatt, 39 Ohio App. 2d 1, 3, 314 N.E.2d 188, 189 (Ohio Ct. App. 1974)("Foreclosure proceedings are within the subject matter jurisdiction of any Ohio Court of Common Pleas"). Plaintiff cites to absolutely no authority in support of his argument that Judge Whitney, as a sitting judge on the Delaware County Court of Common Pleas, lacked subject matter jurisdiction over the foreclosure action.

In short, Plaintiff has failed to show that Judge Whitney's actions were taken in the complete absence of jurisdiction. The Court therefore concludes that Defendant Judge Whitney is entitled to absolute judicial immunity on all claims brought against him in his individual capacity. Because Plaintiff can prove no set of facts in support of his claims which would entitle him to relief, the Court dismisses all claims brought against Judge Whitney in his individual capacity, pursuant to Federal Rule of Civil Procedure 12(b)(6).

**III.    Conclusion**

For the reasons set forth above, the Court **GRANTS** Defendant W. Duncan Whitney's motion to dismiss.  (Record at 6).  Defendant's motion for a protective order (Record at 11) is **DENIED AS MOOT**.[4]

                              **IT IS SO ORDERED.**


Date: February 10, 2006                    **/s/ John D. Holschuh**
                                           John D. Holschuh, Judge
                                           United States District Court

---

[4]  Defendant sought to stay all discovery and other proceedings until the Court ruled on the pending motion to dismiss.