IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KARL DEMMLER, | : | |
| Plaintiff, | : | Case No. 2:05-cv-322 |
| v. | : | Judge Holschuh |
| BANK ONE NA, et al., | : | Magistrate Judge Kemp |
| Defendants. | : | |
| | : | |

**MEMORANDUM OPINION & ORDER**

After Bank One instituted foreclosure proceedings against him, *pro se* Plaintiff Karl Demmler filed suit against Bank One and its attorney, John Polinko (the "Bank One Defendants").[1] Plaintiff also sued William Harrison, Jamie Diamond, Frederick Hill, who serve on Bank One's Board of Directors, and Bank One executives William McDavid, William Moran, and Joan Guggenheimer (collectively the "Executive Defendants").[2] Plaintiff alleges violations of federal banking laws, federal consumer protection laws, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and brings several other claims based on state law.

This matter is currently before the Court on numerous pending motions: (1) Executive Defendants' motion to dismiss (Record at 14); (2) Bank One Defendants' motion for leave to propound more than 25 interrogatories upon Plaintiff (Record at 17); (3) Executive Defendants'

---

[1] The Bank One Defendants also include Gerald Shapiro and Kriss Fealty, who are mentioned in the complaint in connection with the RICO claims.

[2] Plaintiff also filed suit against Judge W. Duncan Whitney of the Delaware County Court of Common Pleas, who presided over the foreclosure proceedings, but the Court dismissed all claims against him on February 10, 2006.

motion to strike Plaintiff's response to reply (Record at 32); (4) Bank One Defendants' motions to dismiss (Record at 33 and 51); (5) Bank One Defendants' motion to strike notice of rescission (Record at 34); (6) Bank One Defendants' motion to strike Plaintiff's reply and objection to motion to strike notice of rescission (Record at 47); (7) Plaintiff's motion to amend his complaint (Record at 53); and (8) Plaintiff's motion for summary judgment (Record at 55).

**I.     Background and Procedural History**

On December 1, 1998, Plaintiff borrowed $350,000 from National Bank One NA, executing a promissory note secured by a mortgage on his real property in Powell, Ohio. National Bank One NA subsequently assigned the note and the mortgage to Defendant Bank One NA. (Compl. ¶ 37). After Plaintiff defaulted on the loan in March of 2003, Bank One, represented by attorney John Polinko, instituted foreclosure proceedings in the Delaware County Court of Common Pleas, Case No. 04CVE09633. (Id. at ¶¶ 119-120, 123).

On April 5, 2005, Plaintiff filed suit alleging twenty-one causes of action, all stemming from the promissory note and Bank One's foreclosure action. Plaintiff alleges violations of the National Bank Act, the Truth-in-Lending Act, the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and RICO. He also brings numerous state law claims related to the promissory note. Defendants have moved to dismiss all claims and urge the Court to strike several documents filed by Plaintiff. Plaintiff seeks leave to amend his complaint and has recently filed a motion for summary judgment.

**II.    Motions to Strike**

The Court turns first to the three pending motions to strike. Two of those motions concern sur-replies filed by Plaintiff without leave of Court. The Executive Defendants have

moved to strike from the record Plaintiff's September 27, 2005 sur-reply filed in connection with their motion to dismiss. The Bank One Defendants have moved to strike from the record Plaintiff's December 20, 2005 sur-reply filed in connection with Bank One's motion to strike Plaintiff's Notice of Rescission and Bank One's motion to dismiss. As Defendants correctly note, local court rules allow the filing of motions, memoranda in opposition, and reply briefs, and state that "[n]o additional memoranda beyond those enumerated will be permitted except upon leave of court for good cause shown." S.D. Ohio Civ. R. 7.2(a)(2). Because Plaintiff did not seek leave of Court to file his sur-replies and has not shown good cause, the Court will strike the two sur-replies from the record.[3]

The Bank One Defendants have also filed a motion for leave to file *instanter* a motion to strike the Notice of Rescission filed by Plaintiff on September 19, 2005. That Notice appears to be a copy of a document Plaintiff filed with the Delaware County Recorder on September 13, 2005. It states that Plaintiff rescinds his negotiation and his signature on the promissory note because: its negotiation was obtained by fraud; Bank One is not the real party in interest, and is not the holder or holder in due course; Bank One converted the account to its own use without notice, consent or authorization; and Bank One violated numerous federal and state consumer protection laws.

---

[3] The Bank One Defendants cite to Federal Rule of Civil Procedure 12(f) as authority for their motion to strike. Rule 12(f) permits a party to move to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." This rule, however, applies only to "pleadings" as defined in Federal Rule of Civil Procedure 7(a). Because Plaintiff's sur-replies are not "pleadings," Rule 12(f) is inapplicable. Nevertheless, because the local rule prohibits the filing of sur-replies without leave of Court, the Court grants Defendants' motion.

Bank One argues that the Notice of Rescission should be stricken from the record because is not a "pleading" as defined in Federal Rule of Civil Procedure 7(a), is not a "motion" as defined in Federal Rule of Civil Procedure 7(b), and is not attached as an exhibit to a pleading, a motion, or a response brief. The Court agrees that the Federal Rules of Civil Procedure do not provide for the filing of such a document. The Notice of Rescission will therefore be stricken from the record.

### III.    Motions to Dismiss

Defendants have filed a total of three motions to dismiss. The Executive Defendants argue that Plaintiff has failed to state a claim upon which relief may be granted. The Bank One Defendants have moved for dismissal both for failure to state a claim upon which relief may be granted, and as a sanction for Plaintiff's failure to comply with discovery requests. Because the Court finds that Plaintiff has failed to state a claim upon which relief may be granted, the Court need not address the question of whether dismissal might also be warranted as a discovery sanction.

#### A.    Standard for Granting Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted. The purpose of a motion to dismiss under Rule 12(b)(6) "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material

4

allegations in the complaint as true. See Scheuer v. Rhodes, 4l6 U.S. 232, 236 (1974); Arrow v. Federal Reserve Bank of St. Louis, 358 F.3d 392, 393 (6th Cir. 2004); Mayer, 988 F.2d at 638. Although the Court must liberally construe the complaint in favor of the party opposing the motion to dismiss, it will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. See Gregory v. Shelby County, 220 F.3d 433, 446 (6th Cir. 2000); Lewis v. ACB Business Serv., Inc., 135 F.3d 389, 405-06 (6th Cir. 1998). The Court will, however, indulge all reasonable inferences that might be drawn from the pleading. See Saglioccolo v. Eagle Ins. Co., 112 F.3d 226, 228 (6th Cir. 1997).

When determining the sufficiency of a complaint in the face of a motion to dismiss, a court will apply the principle that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); Yushasz v. Brush Wellman, Inc., 341 F.3d 559, 562 (6th Cir. 2003). Because a motion under Rule 12(b)(6) is directed solely to the complaint itself, Roth Steel Prods. v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983), the focus is on whether the plaintiff is entitled to offer evidence to support the claims, rather than on whether the plaintiff will ultimately prevail. Jackson v. Birmingham Bd. of Educ., -- U.S. -- , 125 S. Ct. 1497, 1510 (2005) (citing Scheuer, 416 U.S. at 236).

A complaint need not set down in detail all the particularities of a plaintiff's claim against a defendant. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." The function of the complaint is to afford the defendant fair notice of what the plaintiff's claim is and the grounds

5

upon which it rests. See Conley, 355 U.S. at 47; Lewis, 135 F.3d at 405. However, the complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)(emphasis original). Bare assertions of legal conclusions are insufficient. See id.; Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993). The Court will grant a motion for dismissal under Rule 12(b)(6) if there is an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. Little v. UNUM Provident Corp., 196 F. Supp. 2d 659, 662 (S.D. Ohio 2002) (citing Rauch v. Day & Night Mfg. Corp., 576 F.2d 697 (6th Cir. 1978)).

Because Plaintiff is proceeding *pro se*, the Court must construe his complaint more liberally than a complaint drafted by an attorney. See Haines v. Kerner, 404 U.S. 519, 520 (1972)(holding that a *pro se* complaint must be held to "less stringent standards than formal pleadings drafted by lawyers."). Nevertheless, if it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief, dismissal is proper.

**B.    Discussion**

In this case, even taking Plaintiff's *pro se* status into account, the Court concludes that the complaint is utterly frivolous and lacks any legal foundation whatsoever. It would be a further waste of judicial resources to delve into the voluminous allegations contained in Plaintiff's twenty-one count complaint. Suffice it to say that all of Plaintiff's claims, federal and state, stem from the same basic premise. Plaintiff alleges that the promissory note he executed is the equivalent of "money" that he gave to the bank. He contends that Bank One took his

6

"money," i.e., the promissory note, deposited it into its own account without his permission, listed it as an "asset" on its ledger entries, and then essentially lent his own money back to him. He contends that Bank One did not actually have the funds available to lend to him, but instead "created" the money through its bookkeeping procedures. He further argues that because Bank One was never at risk, and provided no consideration, the promissory note is void *ab initio*, and Defendants' attempts to foreclose on the mortgage are therefore unlawful.

Plaintiff offers no authority for this patently ludicrous argument. Similar arguments have been rejected by federal courts across the country. See Frances Kenny Family Trust v. World Savings Bank, No. C04-03724 WHA, 2005 WL 106792 (N.D. Cal. Jan. 19, 2005)(sanctioning plaintiffs and rejecting their "vapor money" theory); Carrington v. Federal Nat'l Mortgage Ass'n, No. 05-cv-73429-DT, 2005 WL 3216226, at *3 (E.D. Mich. Nov. 29, 2005)(finding "fundamentally absurd and obviously frivolous" plaintiff's claim that the lender unlawfully "created money" through its ledger entries); United States v. Schiefen, 926 F. Supp. 877, 880-81 (D.S.D. 1995)(rejecting arguments that there was insufficient consideration to secure the promissory note, and that lender had "created money" by means of a bookkeeping entry); Thiel v. First Fed. Savings & Loan Ass'n of Marion, 646 F. Supp. 592 (N.D. Ind. 1986)(rejecting claims that lender had violated RICO and the National Bank Act by issuing loan check in exchange for promissory note, and imposing sanctions on plaintiffs for bringing frivolous action); Rene v. Citibank, 32 F. Supp. 2d 539, 544-45 (E.D.N.Y. 1999)(rejecting claims that because lender did not have sufficient funds in its vault to make the loan, and merely "transferred some book entries," the lender had created illegal tender).

As the Executive Defendants pointed out in their Notice of Supplemental Authority, another judge of this Court has recently rejected a similar argument.  In Rudd v. KeyBank, N.A., No. 2:05-cv-523, 2006 WL 212096 (S.D. Ohio Jan. 25, 2006), the plaintiff had argued that the bank did not have sufficient assets on hand to cover the loan it gave him.  He reasoned that because the money he received was not backed by silver or gold, it was not legal tender.  He contended that the bank had "created money out of thin air," and was never at risk because it essentially loaned him back his own credit.  He argued that because the notes were void and unenforceable, the foreclosure actions instituted by the bank were unlawful.  Citing numerous cases holding that this nation's system of lending money is constitutional, the Court held that Plaintiff had failed to state a claim upon which relief may be granted.  Id. at 8-9.

In the instant case, Plaintiff has also failed to state a claim upon which relief may be granted.  Unlike the plaintiffs in many of the cases cited above, he does not expressly argue that the money loaned by the bank needed to be backed by gold or silver.  He does, however, argue that the bank did not have sufficient funds on hand to make the loan, and that the bank "created" the money through its bookkeeping procedures.  As discussed above, these arguments have been repeatedly rejected by every court to consider the issue.  Plaintiff also argues that the bank provided no consideration, and was never at risk on the promissory note because it simply lent him his own money.  This argument is viable only if you accept Plaintiff's ridiculous assertion that when he gave the bank the promissory note for $350,000, he gave the bank his "money," which it simply lent back to him.  He has provided no legal authority for this assertion.  While a promissory note may be a negotiable instrument, the note itself is not "money."  It is nothing more than the acknowledgment of a debt and a promise to repay the debt at some date in the

8

future.  In short, the Court rejects the theory upon which all of Plaintiff's claims, federal and state, are based.  Because it is beyond doubt that Plaintiff can prove no set of facts in support of any of his claims which would entitle him to relief, dismissal of this entire action is appropriate.

In the alternative, Plaintiff's claims against Bank One are barred because they are compulsory counterclaims that should have been raised in the foreclosure action in state court. Ohio's Civil Rule 13(a) provides:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Civ. R. 13 (A).[4]  It is clear that the claims Plaintiff has asserted here existed at the time he was served with the complaint in the foreclosure action in state court.  They concern the validity of the promissory note on which the foreclosure action was based.  For purposes of determining whether the counterclaim arises out of the same transaction or occurrence, Ohio has adopted the "logical relationship" test.   If the counterclaims involve many of the same factual and legal issues as the claims asserted, or where they are "offshoots of the same basic controversy between the parties," then they are logically related.  See Rettig Enterprises, Inc. v. Koehler, 68 Ohio St. 3d 274, 279, 626 N.E.2d 99, 103 (Ohio 1994).  Here, the basic controversy concerns Plaintiff's default on the promissory note and the subsequent foreclosure action.  To the extent that Plaintiff is challenging the validity of the promissory note upon which the foreclosure action is based, the Court finds that the claims are logically related.  Because Plaintiff's claims against Bank One

---

[4] The federal rule is identical.  See Fed. R. Civ. P. 13(a).

were compulsory counterclaims in the state action, he is barred from asserting them here.

Because the Court finds, for the reasons stated above, that Plaintiff has failed to state a claim, federal or state, upon which relief may be granted, the Court need not address the alternative arguments raised by Defendants in their motions to dismiss. Moreover, because the Court finds that Defendants are entitled to dismissal of all claims, the Bank One Defendants' motion for leave to propound excess interrogatories is now moot.

## IV. Plaintiff's Motions

### A. Motion for Leave to Amend Complaint

On February 21, 2006, Plaintiff moved for leave to amend his complaint. He claims to have "new exculpatory evidence in support of his claims." He also seeks to amend his RICO counts to include "missing key elements." Finally, he seeks to add JP Morgan Chase, which now owns Bank One, as the real party in interest. He also complains that Bank One has failed to provide him with certain discovery requested in the foreclosure action.

The Bank One Defendants ask the Court to deny Plaintiff's request for leave to amend his complaint as untimely and futile. They note that the deadline for amending pleadings was September 1, 2005, making Plaintiff's request almost six months late. Bank One also notes that even though JP Morgan Chase now owns Bank One, Federal Rule of Civil Procedure 25(c) specifically provides that "[i]n case of transfer of interest, the action may be continued by or against the original party." Therefore, it is not necessary to amend the complaint to include JP Morgan Chase as a defendant. Finally, Defendants argue that whatever discovery disputes remain with respect to the foreclosure action have no bearing on this case.

Federal Rule of Civil Procedure 15(a) provides that after a responsive pleading has been filed, a party may amend a pleading with "leave of court or by written consent of the adverse party," and "leave shall be freely given when justice so requires." Factors to be considered in deciding whether to grant leave include "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." Brumbalough v. Camelot Care Centers, Inc., 427 F.3d 996, 1001 (6th Cir. 2005).

In this case, Plaintiff's motion for leave to amend was filed almost six months beyond the deadline set by the Court. Plaintiff also failed to attach a copy of the proposed amended complaint to his motion as required by the local rules. Nevertheless, the subject matter of the proposed amendments is set forth in the motion. The Court concludes that the amendments suggested by Plaintiff would be futile. As discussed above, the Court has rejected the theory that underlies all of Plaintiff's claims. The amendments suggested by Plaintiff, including the presentation of "new evidence," and the addition of "missing key elements" to the RICO claims, will not cure that fatal defect. In addition, as Defendants note, there is no need to formally substitute JP Morgan Chase as the real party in interest. For all of these reasons, the Court concludes that there is no basis for granting Plaintiff leave to amend his complaint.

B. **Motion for Summary Judgment**

On February 24, 2006, Plaintiff filed a "motion for summary judgment." In that motion, he argues only that because Bank One does not have possession and control of the security, collateral and promissory note, and is not the holder in due course, it is not entitled to payment. The Court is, frankly, at a loss concerning the relevance of these newly asserted arguments.

11

Plaintiff's complaint is completely devoid of any allegations concerning Bank One's possession and control of those documents, and is devoid of any allegations concerning Bank One's status as a holder in due course.  The arguments raised have no apparent connection to any of the causes of action Plaintiff has asserted against Defendants in this Court.  If anything, the arguments appear to be defenses to the foreclosure action filed against him in state court.  Because Plaintiff's motion for summary judgment is completely unrelated to the pending causes of action, Plaintiff's motion is denied.

**V.      Conclusion**

The Court **GRANTS** Defendants' motions to strike Plaintiff's sur-replies (Record at 32 and 47), and motion to strike Plaintiff's Notice of Rescission (Record at 34).  For the reasons stated above, the Court also **GRANTS** Defendant board members' motion to dismiss (Record at 14) and Defendant Bank One's motion to dismiss (Record at 51).  The Court **DISMISSES** all of Plaintiff's claims, federal and state.

The Court **DENIES AS MOOT** Defendant Bank One's motion for leave to propound excess interrogatories (Record at 17), and motion to dismiss as a sanction for failing to comply with discovery requests (Record at 33).  Plaintiff's motion for leave to amend his complaint (Record at 53) and motion for summary judgment (Record at 55) are both **DENIED**.  This case is **DISMISSED**.

**IT IS SO ORDERED.**


Date: March 9, 2006                                  **/s/ John D. Holschuh**
                     John D. Holschuh, Judge
                     United States District Court